UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DERONJA LARUE CLARK JR.,

    Plaintiff,

vs.                              Case No. 3:23-cv-591-MMH-JBT

DUVAL COUNTY PUBLIC
SCHOOLS, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant, Tunji Williams', Motion to Dismiss Plaintiff's "Final Amended Complaint" With Prejudice and Incorporated Memorandum of Law (Doc. 28; Williams Motion) and Defendant, Somerset Academy Eagle Campus d/b/a Somerset Academy Elementary Eagle Campus', Motion to Dismiss Plaintiff's "Final Amended Complaint" with Prejudice and Incorporated Memorandum of Law (Doc. 29; Somerset Motion), both filed on October 18, 2023. After missing the response deadline and following an Order to Show Cause (Doc. 37), Plaintiff filed what appears to be a response to these Motions on December 7, 2023. See Plaintiffs [sic] Response (Doc. 38; Response). Accordingly, this matter is ripe for review.

## I. Background

Plaintiff Deronja Larue Clark Jr., proceeding pro se, initiated this action in state court on April 13, 2023, with the filing of a document drafted in the form of a demand letter and titled "Complaint" (Doc. 9). On May 17, 2023, Defendants removed the action to this Court. See Notice of Removal (Doc. 1; Notice). On July 18, 2023, the parties appeared before the Court for a preliminary pretrial conference. See Minute Entry (Doc. 21; Hearing). At the Hearing, the Court struck the Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Rule(s)) and endeavored, at length, to explain to Clark the problems with his Complaint and the rules with which he must comply to adequately state a claim for relief in federal court. Following the Hearing, the Court entered a written order summarizing these principles. See Order (Doc. 22), entered July 19, 2023. Significantly, the Court reiterated in the Order that Clark's Complaint was deficient because he "fail[ed] to use numbered paragraphs, [did] not set forth his distinct claims in separate counts, and [did] not identify which factual allegations support which causes of action against which Defendants." Id. at 4. The Court provided Clark with the opportunity to file an amended complaint and cautioned him that "failure to comply with the requisite pleading standards as set forth in this Order and at the hearing, or otherwise applicable under the Federal Rules of Civil Procedure, may result in the dismissal of this case without further notice." Id.

On October 4, 2023, Clark filed Plaintiffs [sic] Final Amended Complaint (Doc. 26; Amended Complaint). Defendants Tunji Williams and Somerset Academy Eagle Campus then filed the instant Motions arguing, among other things, that the Amended Complaint is due to be dismissed because it again fails to comply with Rules 8 and 10. See Williams Motion at 8; Somerset Motion at 7. Prior to filing the Motions, Williams and Somerset attempted to confer with Clark via telephone and email as required by Local Rule 3.01(g) of the Local Rules for the United States District Court, Middle District of Florida (Local Rule(s)). See Williams Motion at 24-25; Somerset Motion at 22. Because they were unable to reach him, Williams and Somerset stated that they would continue their attempts to confer with Clark for three days and supplement the Motions thereafter, as required by the Local Rules. See Williams Motion at 24-25; Somerset Motion at 22; see also Local Rule 3.01(g)(3).

On October 31, 2023, Williams and Somerset filed a notice addressing their attempts to confer with Clark and attaching email correspondence between the parties. See Notice of Supplement to Defendants' Somerset Academy and Tunji Williams' Motion to Dismiss (Doc. 36; Notice). Upon review of the Notice and the attached exhibits, the Court entered an Order to Show Cause based on Clark's apparent refusal to confer with opposing counsel and his failure to respond to the pending Motions. See Order to Show Cause (Doc. 37), entered November 16, 2023. The Court directed Clark to show cause by a

written response why the case should not be dismissed without prejudice for failure to prosecute. Id. at 2. In addition, the Court instructed Clark that if he intends to pursue the claims in this action he must respond to the pending Motions. Id. On December 7, 2023, Clark filed the Response in which he asks the Court to "rule on a judgement against the Defendants," adds new factual allegations that are not in the Amended Complaint,[1] and "objects to the defendants [sic] motion." See generally Response.

## II.   Discussion

Upon review of the Amended Complaint, the Court finds that it remains an impermissible pleading—what is known in the Eleventh Circuit as a "shotgun" pleading. See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"); see also McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019) (summarizing the types of shotgun pleadings). Clark once again fails to separate his claims into distinct counts, or identify which allegations support which cause(s) of action against which Defendants. Although the Amended Complaint is not lengthy, the allegations Clark does include are not clearly

---

[1] A party cannot "use his briefing to add new allegations and argue that those new assertions support his cause of action." See Michel v. NYP Holdings, Inc., 816 F.3d 686, 705 (11th Cir. 2016). As such, the Court does not consider these new factual allegations in resolving the Motions.

connected to any particular cause of action. Clark also fails to identify which Defendants he contends are responsible for which acts. Indeed, it is unclear who the defendants to this action are given that Clark names only "Duval County Public Schools, et al." in the caption of the Amended Complaint and fails to specifically identify the defendants in the body of the pleading.[2] In light of the foregoing, the Court cannot discern from the Amended Complaint what act or acts Clark contends violated his constitutional rights or Florida law, much less who he seeks to hold responsible for which purported violations.

Significantly, the Court previously explained the pleading requirements to Clark both orally at the Hearing and in a written Order (Doc. 22). Thus, Clark has had an opportunity to file a proper complaint after being put on notice of the defects in his original Complaint and the rules of pleading in federal court. Having failed to cure the deficiencies, and absent any argument from Clark on this point in response to the Motions, the Court finds that dismissal with prejudice is warranted at this time. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018); see also Dawson v. City of Jacksonville, No. 22-12365, 2023 WL 6972546, at *2 (11th Cir. Oct. 23, 2023); Arrington v. Green,

---

[2] Pursuant to Rule 10(a), "[t]he title of the complaint must name all the parties . . . ." Thus, "'[a] party that is not named in the caption of an amended complaint is not a party to the action.'" See Thompson v. Sarasota Cnty. Police Dep't, No. 8:09-cv-585-T-30TBM, 2009 WL 1850314, at *5 (M.D. Fla. June 26, 2009) (quoting Jones v. Parmley, No. 5:98-CV-374 FJS/GHL, 2005 WL 928666, at *1 (N.D.N.Y. Apr. 20, 2005)).

757 F. App'x 796, 797 (11th Cir. 2018). Given the record in this action, the Court is convinced that Clark is unable or unwilling to comply with the Court's directives and that nothing less than dismissal will suffice. See Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020).[3] "Even pro se plaintiffs must comply with pleading rules or face judgment day," Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020), and for Clark, that day has come. Despite the Court's guidance on the problems with his Complaint, and the opportunity to fix those deficiencies, the Amended Complaint remains an indecipherable shotgun pleading.[4] In accordance with the directives set forth in Vibe Micro, the Court will dismiss the federal claims with prejudice on this basis and remand any state claims to the state court. See Vibe Micro, Inc., 878 F.3d at 1296-97. Accordingly, it is

---

[3] In addition, the Court notes that despite the Order to Show Cause requiring a written response, Clark has failed to offer any justification for his refusal to confer with Williams and Somerset as required by the Local Rules or his failure to timely respond to the pending Motions. These actions further support the Court's view that Clark is unwilling or unable to comply with the rules in federal court.

[4] Defendant Duval County Public Schools (DCPS) has not filed a motion to dismiss or any other response to the Amended Complaint. Nevertheless, the Court's findings regarding the shotgun nature of the Amended Complaint are equally applicable to any claims against DCPS. Significantly, the Eleventh Circuit instructs that where a defendant fails to move for dismissal, courts should nevertheless dismiss shotgun complaints sua sponte. See Weiland, 792 F.3d at 1321 n.10; see also Sarhan, 800 F. App'x at 772 ("District courts have the inherent authority to dismiss a complaint on shotgun-pleading grounds."); Arrington, 757 F. App'x at 797. As such, the Court will dismiss the claims against DCPS as well.

**ORDERED**:

1. Defendant, Tunji Williams', Motion to Dismiss Plaintiff's "Final Amended Complaint" With Prejudice and Incorporated Memorandum of Law (Doc. 28) and Defendant, Somerset Academy Eagle Campus d/b/a Somerset Academy Elementary Eagle Campus', Motion to Dismiss Plaintiff's "Final Amended Complaint" with Prejudice and Incorporated Memorandum of Law (Doc. 29) are **GRANTED** to the extent set forth below.

2. All federal claims set forth in Plaintiffs [sic] Final Amended Complaint (Doc. 26) are **DISMISSED with prejudice.**

3. The Clerk of the Court is **DIRECTED** to remand the case to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

4. The Clerk of the Court is further directed to terminate all pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on January 30, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Party

Clerk of the Circuit Court,
    Fourth Judicial Circuit,
       in and for Duval County, Florida